# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-7070**

**September Term, 2020**
FILED ON: APRIL 16, 2021

MICHAEL D.J. EISENBERG,
          APPELLANT

v.

WEST VIRGINIA OFFICE OF DISCIPLINARY COUNSEL, "OLDC"; RACHAEL L. FLECHER CIPOLETTI, CHIEF DISCIPLINARY COUNSEL, OLDC; JESSICA H. DONOHUE RHODES, LAWYER DISCIPLINARY COUNSEL, OLDC,
          APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-03006)

---

Before: SRINIVASAN, *Chief Judge*, WILKINS and WALKER, *Circuit Judges*.

## J U D G M E N T

This appeal from the United States District Court for the District of Columbia was considered on the record and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the decision of the district court be **AFFIRMED**.

Appellant Michael Eisenberg, an attorney based in Washington, D.C., was retained by a West Virginia resident to represent her in a matter before a federal agency in West Virginia. In 2019, Eisenberg's client filed a formal complaint against Eisenberg with the West Virginia Office of Lawyer Disciplinary Counsel (OLDC). The OLDC ordered Eisenberg to respond to the complaint, but he refused, contending that the OLDC lacks jurisdiction over him because he is not a member of the West Virginia State Bar and does not regularly conduct business in the State. The OLDC's Investigative Panel found that it possesses jurisdiction over Eisenberg and again asked for his response.

Eisenberg then filed suit in the district court. He contends that the OLDC's exercise of jurisdiction over him violates the Supremacy Clause, U.S. Const. art. VI, cl. 2, and he seeks (among

other relief) declaratory and injunctive relief in the form of an order directing the OLDC to dismiss the case against him. Am. Compl. at 1, ¶¶ 30–34, *Eisenberg v. W. Va. Off. Of Law. Disciplinary Counsel*, No. 19-cv-3006 (D.D.C. Dec. 2, 2019). The district court dismissed the complaint based on principles of *Younger* abstention, i.e., the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971).

We review the district court's application of *Younger* abstention de novo. *See Statewide Bonding, Inc. v. U.S. Dept. of Homeland Sec.*, 980 F.3d 109, 114 (D.C. Cir. 2020). *Younger* abstention is grounded in considerations of federalism and comity. Under *Younger* abstention, when a party seeks injunctive or declaratory relief in federal court against an ongoing, parallel state proceeding, the federal court will abstain from resolving the suit in recognition of the "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43–44; *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). *Younger* abstention applies when, as here, the ongoing state proceedings are state bar disciplinary proceedings. *See Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

*Younger* abstention is called for when three conditions are satisfied: "first, . . . there are ongoing state proceedings that are judicial in nature; second, the state proceedings must implicate important state interests; third, the proceedings must afford an adequate opportunity in which to raise the federal claims." *Hoai v. Sun Ref. & Mktg. Co.*, 866 F.2d 1515, 1518–19 (D.C. Cir. 1989) (citing *Middlesex*, 457 U.S. at 432). All three conditions are met here.

*First*, the OLDC proceedings are judicial in nature, and Eisenberg does not argue otherwise. *See Middlesex*, 457 U.S. at 433. Eisenberg instead contends that, because the OLDC's actions remain in an investigatory phase, the proceedings do not qualify as ongoing. That is incorrect. A formal complaint (which must be sworn by the complainant) has been made against Eisenberg, and the filing of a formal complaint marks the commencement of West Virginia state bar disciplinary proceedings. *Cf. Middlesex*, 457 U.S. at 433 ("From the very beginning a disciplinary proceeding is judicial in nature, initiated by filing a complaint.").

Eisenberg next contends that *Younger* abstention is unwarranted because the OLDC lacks jurisdiction over him under *Sperry v. Florida*, 373 U.S. 379 (1963). That, too, is incorrect. Even assuming a federal plaintiff could overcome *Younger* abstention by demonstrating a jurisdictional problem in the ongoing state proceedings, there is no reason to doubt the OLDC's exercise of jurisdiction over Eisenberg. The West Virginia Rules of Professional Conduct apply to "an attorney who," like Eisenberg, "provides or offers to provide legal services in th[e] state, even where such attorney's practice consists entirely of federal matters." *State ex rel. York v. W. Va. Off. of Disciplinary Counsel*, 744 S.E.2d 293, 301–02 (2013). Such a rule is entirely consistent with *Sperry*, which merely held that federal regulations allowing non-lawyers to appear before the Patent Office preempted state regulation to the contrary. 373 U.S. at 384–87. Indeed, *Sperry* emphasized that "the State maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of the federal objectives." *Id.* at 402. Here, Eisenberg has not alleged that West Virginia's disciplinary rules conflict with any federal regulations.

*Second*, the OLDC proceedings "implicate important state interests." *Hoai*, 866 F.2d at 1518. In particular, West Virginia has an important state interest in protecting its citizens from attorney misconduct within its jurisdiction regardless of whether the lawyer in question belongs to the state bar. "States traditionally have exercised extensive control over the professional conduct of attorneys" to ensure "the protection of the public." *Middlesex*, 457 U.S. at 434. Even if Eisenberg is not a West Virginia bar member and does not regularly practice in the State, the State retains an interest in protecting its citizens from attorney misconduct in its jurisdiction.

*Third*, Eisenberg has not alleged that state procedures bar presentation of his federal claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987). Rather, he contends that the OLDC process affords him an inadequate opportunity to raise his claims, noting that his jurisdictional challenge was rejected without notice or an opportunity to appear before the OLDC investigative panel. But if the OLDC recommends formal charges against Eisenberg, he will have the opportunity to be heard by the West Virginia Supreme Court of Appeals. W. Va. R. of Law. Disciplinary P. 3.10, 3.13. Eisenberg has not suggested that his federal claims would receive inadequate consideration at that stage. In fact, when a similarly situated plaintiff raised an identical jurisdictional argument before the West Virginia Supreme Court of Appeals, the court addressed and resolved the claim. *See York*, 744 S.E.2d at 302–04. *Cf. JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117, 1127 (D.C. Cir. 2004) (finding *Younger* abstention appropriate because, even if federal plaintiff could not raise his federal claims in administrative proceedings, he would have an adequate opportunity to raise them on appeal to the D.C. Court of Appeals).

Finally, this case does not involve "extraordinary circumstances warranting equitable relief" notwithstanding the applicability of abstention principles. *JMM Corp.*, 378 F.3d at 1127 (quoting *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977)). Eisenberg has not shown that "the pending state action was brought in bad faith or for the purpose of harassing" him. *Id*. As the district court determined, nothing in the record suggests any desire on the part of the OLDC to threaten or intimidate Eisenberg. Nor is the West Virginia provision allowing for disciplinary proceedings against out-of-state attorneys "flagrantly and patently" unconstitutional. *Id*. As a result, the district court was correct to dismiss Eisenberg's complaint based on principles of *Younger* abstention.

Pursuant to D.C. Cir. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk